CHARLES N. SHEPHARD (SBN 078129)
cshephard@ggfirm.com
AARON J. MOSS (SBN 190625)
amoss@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff
TOHO CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOHO CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> VOLTAGE PICTURES, LLC; NACHO VIGALONDO; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **(1) COPYRIGHT INFRINGEMENT;** <br><br> **(2) TRADEMARK INFRINGEMENT;** <br><br> **(3) VIOLATION OF §43(a) OF THE LANHAM ACT;** <br><br> **(4) FEDERAL TRADEMARK DILUTION;** <br><br> **(5) COMMON LAW UNFAIR COMPETITION; AND** <br><br> **(6) UNJUST ENRICHMENT** <br><br> **DEMAND FOR JURY TRIAL** |

84800-00001/2386564.3

COMPLAINT

Plaintiff Toho Co., Ltd. ("Toho") alleges as follows:

## NATURE OF THE ACTION

1. Godzilla is one of the most iconic fictional characters in the history of motion pictures. Toho Co., Ltd., the copyright owner of the Godzilla character and franchise of films, brings this lawsuit because defendants are brazenly producing, advertising, and selling an unauthorized Godzilla film of their own. There is nothing subtle about defendants' conduct. They are expressly informing the entertainment community that they are making a Godzilla film and are using the Godzilla trademark and images of Toho's protected character to generate interest in and to obtain financing for their project. That anyone would engage in such blatant infringement of another's intellectual property is wrong enough. That defendants, who are known for zealously protecting their own copyrights, would do so is outrageous in the extreme.

## JURISDICTION AND VENUE

2. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and the Lanham Act, 15 U.S.C. § 1125. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121(a). The Court has supplemental jurisdiction over Toho's state law claims under 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over each of the defendants named in this Complaint, because each defendant does sufficient business in California and this Judicial District, has sufficient minimum contacts with California and this Judicial District, or otherwise intentionally avails itself of the California and Los Angeles markets to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

4. Venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(a), in that a substantial part of the events giving rise to Toho's claims occurred in this Judicial District and one or more Defendants resides and may be found in this Judicial District within the meaning of 28 U.S.C. § 1391(c).

## THE PARTIES

5. Toho is a Japanese corporation and motion picture studio that is in the business of producing and distributing motion pictures throughout the world. Toho's principal place of business is in Tokyo, Japan. Toho maintains an office in Los Angeles, California to oversee the distribution of its films in the United States, and to oversee the licensing, merchandising and enforcement of the intellectual property that appears in its films.

6. Toho is informed and believes, and based thereon alleges, that defendant Voltage Pictures, LLC ("Voltage") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Los Angeles County, California. Toho is informed and believes, and based thereon alleges, that Voltage purports to be a staunch advocate for the protection and enforcement of intellectual property rights, having filed hundreds of copyright infringement lawsuits against those it claims to have infringed its rights in films such as *The Hurt Locker* and *Dallas Buyers Club*.

7. Toho is informed and believes that defendant Nacho Vigalondo ("Vigalondo") is a motion picture director and writer who does business in Los Angeles, California. Toho is further informed and believes, and based thereon alleges, that Vigalondo is specifically doing business in Los Angeles California with Voltage, which is producing the film at issue that Vigalondo wrote and is slated to direct.

8. Toho is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by

84800-00001/2386564.3

2

COMPLAINT

fictitious names. Toho will seek leave of the Court to amend this Complaint to allege their true names and capacities when ascertained. Toho is informed and believes, and based thereon alleges, that each fictitiously named defendant is responsible in some way for the creation, production, advertising, selling, distribution and/or exhibition of the film project at issue in this Complaint, and is liable to Toho therefor. Voltage, Vigalondo and Does 1 through 10 are sometimes referred to collectively herein as "Defendants."

9. Toho is informed and believes, and based thereon alleges, that at all times relevant herein, each of the Defendants was the agent, servant, or employee of each other Defendant, and at all times relevant herein was acting in whole or at least in part within the scope of such agency. As such, each and every Defendant herein is equally responsible in whole or in part for each and every act alleged herein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### Toho and the Godzilla Character

10. In or about 1954, Toho created a fictional character called "Godzilla," a giant, prehistoric monster brought to life in the modern world. At the same time, Toho produced and distributed a feature-length motion picture entitled *Gojira* (Japanese for Godzilla), based upon the reawakening of Godzilla by the detonation of an atomic bomb. The film was released in the United States in or about 1956 under the title *Godzilla, King of the Monsters*. Thereafter, Toho produced and distributed throughout the world a series of motion pictures based upon the further adventures of Godzilla. Toho has produced approximately twenty seven (27) sequel films featuring its Godzilla character (the "Godzilla Character").

11. Toho has complied in all respects with the copyright laws of the United States, and all other laws governing copyright, and is the owner of the exclusive rights and privileges in and to the copyrights in *Gojira, Godzilla, King of*

*the Monsters* and in the subsequent Godzilla motion pictures. Toho's copyrights cover all visual elements in the motion pictures, including the appearance of the Godzilla Character itself. Toho has registered the copyrights in its Godzilla films with the United States Copyright Office, and these registrations are valid and subsisting.

12. In addition to producing its own motion pictures featuring the Godzilla Character, Toho has authorized third parties to create derivative works featuring the character. Among those who, with Toho's permission, have created Godzilla motion pictures is Legendary Pictures, which produced a 2014 motion picture entitled *Godzilla* ("the 2014 Godzilla Film"). The 2014 Godzilla Film was one of the most successful films of 2014, generating more than $200,000,000 in domestic box revenue and more than $500,000,000 in worldwide box office revenues.

13. Beginning in or about 1981, Toho duly registered the name and character image of "Godzilla" as service marks and trademarks under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Toho remains to this date the owner of these marks.

14. Toho's Godzilla films have been widely distributed in the United States and throughout the world. In the course of the production and distribution of these films, Toho and its licensees have expended significant effort advertising and promoting the motion pictures under titles bearing the name of, and featuring, the Godzilla Character.

15. Toho has developed a highly valuable goodwill in its Godzilla name and character. Toho and its licensees have expended substantial effort and expense to develop, advertise and market the Godzilla Character. As a result of these activities, a secondary meaning has been created in the mind of the public throughout the United States, and throughout the world, by which the name and likeness of Godzilla have become strongly identified with Toho's particular character and the series of motion pictures featuring that character, such that Toho

has acquired common law trademark rights in the Godzilla name and Godzilla Character.

16. Toho's federally-registered trademarks and common law trademark rights in the Godzilla Character are collectively referred to herein as the "Godzilla Marks."

17. The Godzilla Character and Godzilla Marks are famous throughout the United States and are immediately recognizable to and known by the public.

### Defendants' Infringing Conduct

18. Toho is informed and believes, and based thereon alleges, that on or about May 9, 2015, on the eve of the 2015 Cannes Film Festival, Voltage circulated an email blast to potential investors, distributors, sales agents, and others in the entertainment community announcing a new film project called "Colossal." The email featured three large photos: the Godzilla Character, actress Anne Hathaway, and a giant robot. Below the photos was a description of the project: "Gloria is an ordinary woman who finds herself in an extraordinary circumstance. **Tokyo is under attack by Godzilla** and a giant robot and, for some strange reason, Gloria is the only person who can stop it. In order to do so, Gloria needs to figure out why her seemingly insignificant existence has such a colossal effect on the fate of the world." A true and correct copy of the above-referenced portion of the email blast appears below:

Voltage Pictures is pleased to present:

**COLOSSAL**



Status: Production begins September 14th, 2015
Cast: Academy Award Winner **Anne Hathaway**
Director: **Nacho Vigalongo** (Open Windows, The ABCs of Death)
Producer: **Nahikari Ipina** (Open Windows, Time Crimes, Extraterrestrial)

Gloria is an ordinary woman who finds herself in an extraordinary circumstance. Tokyo is under attack by Godzilla and a giant robot and, for some strange reason, Gloria is the only person who can stop it. In order to do so, Gloria needs to figure out why her seemingly insignificant existence has such a colossal effect on the fate of the world.

19. Toho is informed and believes, and based thereon alleges, that the image of Godzilla included in Defendants' email blast was taken directly from a publicity photo for the 2014 Godzilla Film, as depicted below:



20. Accompanying Defendants' email blast was a document containing "Director's Notes" from Vigalondo, the writer and director of *Colossal*. These notes begin with a full page silhouette depiction of the Godzilla Character. A true and correct copy of the silhouette image appears below:



21. In addition to the introductory silhouette, the Director's Notes contain several other images of the Godzilla Character taken from images appearing in Toho's series of Godzilla films, the 2014 Godzilla Film, and authorized Godzilla merchandise. Some of these images from the Director's Notes appear below.


22. The Director's Notes also make clear that Defendants have not only taken the Godzilla Character as their own, but that they also intend to use the Godzilla Character in precisely the same way that Toho used the character in its initial film – attacking Tokyo. As stated therein, "[W]e need scenes with the monsters crushing Tokyo. . ."

23. Upon investigation, Toho learned that Vigalondo gave an interview in August 2014 in which he made clear that he intends to create an unauthorized derivative work based on the Godzilla Character:

> The script I finished and want to get financing for is a twist on the kaiju eiga genre, the Godzilla genre. **It's going to be the cheapest Godzilla movie ever, I promise. It's going to be a serious Godzilla movie but I've got an idea that's going to make it so cheap that you will feel betrayed**. You're going to be so frustrated by it, it's not even possible.
>
> The way I wrote the movie – and I don't want to explain too much – I found a way that is honest and logical to make Godzilla in a costume, destroying cities, models all the time. **I wrote the movie in a way that the story has a twist so it makes sense to do Godzilla this way** and I'm going to try to be the guy inside the costume because I love filmmaking to the core and I'm a film lover, one of dreams is not to direct a Godzilla movie but to be inside the costume and destroy the cities. I want to be the guy in the costume.

24. Consistent with their email blast, Defendants sought to find distributors and others who would be interested in investing in and/or distributing their unauthorized Godzilla film. At their suite at the 2015 Cannes Film Festival, Defendants again advertised their project using the Godzilla Character. Defendants' sales booklet features a photograph of the Godzilla Character accompanied by text stating that "**Tokyo is under attack by Godzilla**." Defendants also featured a poster for their project, with the Godzilla Character depicted in the upper right hand corner:

[Photograph of a "Colossal" movie poster on an easel, featuring "ANNE HATHAWAY" at the top, the title "COLOSSAL" and "A FILM BY NACHO VIGALONDO" at the bottom.]

25. Toho is informed and believes, and based thereon alleges, that Defendants have knowingly used the Godzilla Character to attract interest and attention in their "Colossal" project so that it would stand out in a crowded field of competitors on the film sales circuit.

26. At no time did Defendants seek or obtain Toho's permission or consent to use or feature the Godzilla Character, or any substantially or confusingly similar character, in their email blast, their advertising material or in their film project. Upon learning of Defendants' infringing activities, Toho demanded that Defendants cease their exploitation of the Godzilla Character, but Defendants refused to do so.

## FIRST CLAIM FOR RELIEF

### Against All Defendants For Copyright Infringement

27. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 26, inclusive, as though they were fully set forth herein.

28. By advertising, promoting, developing, producing, distributing, and otherwise exploiting their own film using the Godzilla Character or a character substantially similar to Godzilla, and/or by authorizing or contributing to the foregoing, without Toho's permission or consent, Defendants have infringed Toho's copyright interests in Godzilla.

29. Toho is informed and believes, and based thereon alleges, that Defendants' infringing acts were, and continue to be, committed willfully and knowingly.

30. As a direct and proximate result of Defendants' copyright infringement as alleged above, Toho has suffered and will continue to suffer injury and damage in an amount to be determined at trial. Furthermore, Toho is informed and believes, and based thereon alleges, that Defendants have received or will receive profits, gains, or other benefits from their infringing activities, all of which should be disgorged to Toho. In the alternative, Toho reserves the right to elect statutory damages of up to $150,000 for Defendants' willful infringement of each of its copyrighted works.

31. Defendants' infringement of Toho's copyrighted works has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary damages, Toho is entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to infringe Toho's copyrighted works.

32. Toho has and will incur attorneys' fees in pursuing this action, which Toho is entitled to recover from Defendants, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### Against All Defendants For

### Trademark Infringement – 15 U.S.C. § 1114

33. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 26, inclusive, as though they were fully set forth herein.

34. By using the Godzilla Marks in connection with the advertising, offering for sale, sale or other exploitation of their film project, and/or by authorizing or contributing to the foregoing, without Toho's permission and consent, Defendants have infringed Toho's interests in the Godzilla Character and Godzilla Marks. Such conduct is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

35. As a direct and proximate result of Defendants' wrongful conduct, Toho has been damaged and is entitled to recover Defendants' wrongfully obtained profits and three times Toho's actual damages, pursuant to 15 U.S.C. § 1117(a).

36. Defendants' violation of the Lanham Act has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary relief, Toho is entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to use Toho's Godzilla Character or Godzilla Marks, or any confusingly similar variations, on or in connection with any products, goods or services, or the advertising of any products, goods or services.

37. Toho is informed and believes, and based thereon alleges, that Defendants engaged in the foregoing conduct knowingly, willfully and oppressively, intending to appropriate Toho's intellectual property to the detriment of Toho and to the confusion of the public. This constitutes an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, for which Toho is entitled to its attorneys' fees.

# THIRD CLAIM FOR RELIEF

## Against All Defendants For Violation Of

## Section 43(a) Of The Lanham Act

38. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 26 and 34, inclusive, as though they were fully set forth herein.

39. By using the Godzilla Character and the Godzilla Marks in connection with the advertising, offering for sale, sale or other exploitation of their film project, and/or by authorizing or contributing to the foregoing, without Toho's permission and consent, Defendants have created, and will continue to create, confusion in the marketplace and have falsely created the impression in the minds of the public that Toho and its Godzilla Character and Godzilla Marks are somehow associated or affiliated with Defendants, that Toho is somehow sponsoring or endorsing Defendants' film project and/or that Toho approved or authorized Defendants' use of the Godzilla Character or Godzilla Marks. Such conduct violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. As a direct and proximate result of Defendants' wrongful conduct, Toho has been damaged and is entitled to recover Defendants' wrongfully obtained profits and three times Toho's actual damages, pursuant to 15 U.S.C. § 1117(a).

41. Defendants' violation of the Lanham Act has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary relief, Toho is entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to use Toho's Godzilla Character or Godzilla Marks, or any confusingly similar variations, on or in connection with any products, goods or services, or the advertising of any products, goods or services.

42. Toho is informed and believes, and based thereon alleges, that Defendants engaged in the foregoing conduct knowingly, willfully and

oppressively, intending to appropriate Toho's intellectual property to the detriment of Toho and to the confusion of the public. This constitutes an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, for which Toho is entitled to its attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### Against All Defendants For Violation Of

### Federal Anti-Dilution Law (15 U.S.C. § 1125(c))

43. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 26, 34 and 39, inclusive, as though they were fully set forth herein.

44. By using the Godzilla Character and the Godzilla Marks in connection with the advertising, offering for sale, sale or other exploitation of their film project, and/or by authorizing or contributing to the foregoing, without Toho's permission and consent, Defendants have created, and will continue to create, dilution of the distinctive quality of Toho's famous Godzilla Character and Godzilla Marks.

45. Toho is informed and believes, and based thereon alleges, that Defendants' use and exploitation of the Godzilla Character and the Godzilla Marks was willful and intentional, that Defendants were aware of Toho's Godzilla Character and Godzilla Marks, and that Defendants purposefully used Toho's character and marks to trade on Toho's reputation, to cause confusion, mistake and/or deception, and to take advantage of the goodwill and public recognition associated with the Godzilla Character and the Godzilla Marks for their own commercial advantage.

46. As a direct and proximate result of Defendants' wrongful conduct, Toho has been damaged and is entitled to recover Defendants' wrongfully obtained profits and three times Toho's actual damages, pursuant to 15 U.S.C. § 1117(a).

47. Defendants' violation of the federal Anti-Dilution Law has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary relief, Toho is entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to use Toho's Godzilla Character or Godzilla Marks, or any confusingly similar variations, on or in connection with any products, goods or services, or the advertising of any products, goods or services.

48. Toho is informed and believes, and based thereon alleges, that Defendants engaged in the foregoing conduct knowingly, willfully and oppressively, intending to appropriate Toho's intellectual property to the detriment of Toho and to the confusion of the public. This constitutes an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, for which Toho is entitled to its attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### Against All Defendants for Common Law Unfair Competition

49. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 26, 34, 39 and 44, inclusive, as though they were fully set forth herein.

50. By their conduct as alleged above, Defendants have violated and infringed Toho's common law rights in its Godzilla Character and Godzilla Marks, and have otherwise competed unfairly with Toho in violation of the common law of the state of California.

51. As a direct and proximate result of Defendants' conduct, Toho has suffered and is entitled to monetary damages in an amount to be proven at trial.

52. Defendants' unlawful conduct has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary relief, Toho is entitled to

preliminary and permanent injunctive relief enjoining Defendants from engaging in further acts of unfair competition.

## SIXTH CLAIM FOR RELIEF

### Against All Defendants for Unjust Enrichment

53. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 26, 34, 39 and 44, as though they were fully set forth herein.

54. By their conduct as alleged above, Defendants have unjustly retained a benefit to the detriment of Toho, and such benefit violates fundamental principles of justice, equity and good conscience.

55. Accordingly, Toho is entitled to an order requiring Defendants to disgorge any and all such ill-gotten gains to Toho.

## PRAYER FOR RELIEF

WHEREFORE, Toho prays judgment on its Complaint as follows:

1. For preliminary and permanent injunctive relief restraining and enjoining Defendants and their officers, directors, agents, servants, employees, representatives, partners, subsidiaries and attorneys, and all other persons or entities acting in concert or participation with them or at their direction from:

   (a) producing, distributing, exhibiting, and otherwise exploiting their film project entitled Colossal; and

   (b) using the Godzilla Character, Godzilla Marks or any other confusingly similar variation thereof, in connection with any film, or for any advertising or promotional purposes;

2. For Toho's damages according to proof;

3. At Toho's election, for statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c);

4. That Defendants be required to account for and pay over to Toho their profits and other benefits which they received by reason of Defendants' unlawful conduct alleged herein;

5. That the amount of all monetary recovery be increased as provided by applicable law, up to three times;

6. For an order requiring Defendants to disgorge any and all gains or benefits conferred upon Defendants as a result of their violations of law;

7. For Toho's attorneys' fees and expenses;

8. For Toho's costs of suit incurred herein; and

9. For such other and further relief as the Court may deem just and proper.

DATED: May 19, 2015

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s/ Aaron J. Moss
CHARLES N. SHEPHARD
AARON J. MOSS
Attorneys for Plaintiff
TOHO CO., LTD.

## DEMAND FOR JURY TRIAL

Plaintiff Toho Co., Ltd. hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: May 19, 2015

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ Aaron J. Moss
CHARLES N. SHEPHARD
AARON J. MOSS
Attorneys for Plaintiff
TOHO CO., LTD.