**PLONSKER LAW LLP**
Michael J. Plonsker (State Bar No. 101235)
MPlonsker@plonskerlaw.com
1990 S. Bundy Drive, Suite 280
Los Angeles, CA 90025
Telephone:  310-861-2050
Facsimile:   310-496-2577

Attorneys for Defendant
NACHO VIGALONDO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOHO CO., LTD.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VOLTAGE PICTURES, LLC; NACHO VIGALONDO; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.  2:15-CV-03772<br><br>**ANSWER OF DEFENDANT NACHO VIGALONDO TO PLAINTIFF'S COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

2767

Defendant NACHO VIGALONDO ("Vigalondo" or "Defendant") as and for his answer to the Complaint, responds as follows through his undersigned attorneys:

## INTRODUCTION

1. Responding to the allegations set forth in paragraph 1 of the Complaint, Defendant admits that to the best of Defendant's knowledge based on Toho's statements in the Complaint Toho is a copyright owner of the Godzilla character, but otherwise denies the remaining allegations set forth in paragraph 1 of the Complaint, and expressly denies that Defendant is making a Godzilla film.

## JURISDICTION AND VENUE

2. Responding to the allegations set forth in paragraph 2 of the Complaint, Defendant admits that this action purports to allege claims arising under the Copyright Act and Lanham Act, and that this Court has jurisdiction over this action.

3. Defendant denies that this Court has personal jurisdiction over Vigalondo. Defendant is without knowledge or information sufficient to form a belief as to this Court's personal jurisdiction over Voltage Pictures, LLC ("Voltage") and therefore denies those allegations.

4. Defendant denies that he resides in this judicial district, but is without knowledge or information sufficient to form a belief as to the other allegations set forth in Paragraph 4 of the Complaint, and therefore denies those allegations.

## THE PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and therefore denies those allegations.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and

therefore denies those allegations.

7. Defendant admits that Nacho Vigalondo is a motion picture director and writer working with Voltage on a new film project. Defendant denies that he does business in California. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint and therefore denies those allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and therefore denies those allegations.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and therefore denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore denies those allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and therefore denies those allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and therefore denies those allegations.

15. Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 15 of the Complaint and therefore denies those allegations.

16. Paragraph 16 of the Complaint contains a definition and therefore no response is required to the allegation. To the extent a response is required, Defendant admits that Toho refers to its federally registered and common law trademarks as the "Godzilla Marks."

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and therefore denies those allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and therefore denies those allegations.

19. Defendant admits that to the best of Defendant's knowledge, the image of the Godzilla character is from the film entitled "Godzilla," which was produced and distributed by Warner Bros. in 2014, and is owned by such company.

20. Based on information and belief, Defendant admits that the email Voltage circulated contained a document entitled "Director Notes" and that the document speaks for itself.

21. Defendant admits that the document entitled "Director Notes" contained images of various creatures and that the document speaks for itself, but otherwise denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Defendant admits that the document entitled "Director Notes" speaks for itself, but otherwise denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a

2767

- 3 -

PLONSKER LAW LLP
ATTORNEYS AT LAW
LOS ANGELES

belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and therefore denies those allegations.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Responding to the allegations set forth in paragraph 26 of the Complaint, Defendant admits that it never sought or was given the permission of Toho to use the Godzilla character, but denies the remaining allegations set forth in paragraph 26 of the Complaint.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement)

27. Defendant responds to the allegations realleged and incorporated by reference in paragraph 27 of the Complaint in the same manner as set forth in paragraphs 1 through 26 hereinabove.

28. Defendant denies that he is using a Godzilla character in the film in question and that the film, which has yet to be made, will infringe any of Toho's rights. Defendant denies the remaining allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies that Toho has been injured or will be injured by the film, which will not contain a Godzilla character, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint and therefore denies those allegations.

31. Defendant denies that the film in question, which will not contain a Godzilla character, will infringe on Toho's copyrighted works, and has yet to be made, has caused or will cause Toho irreparable harm. Defendant denies that Toho is entitled to any relief, or in particular, an injunction that prohibits Defendant from

PLONSKER LAW LLP
ATTORNEYS AT LAW
LOS ANGELES

1 making a film project that does not include a Godzilla character. Defendant is
2 otherwise without knowledge or information sufficient to form a belief as to the
3 truth of the remaining allegations set forth in paragraph 31 of the Complaint and
4 therefore denies those allegations.

5     32. Defendant is without knowledge or information sufficient to form a
6 belief as to the truth of the remaining allegations set forth in paragraph 32 of the
7 Complaint and therefore denies those allegations.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement)

10     33. Defendant responds to the allegations realleged and incorporated by
11 reference in paragraph 33 of the Complaint in the same manner as set forth in
12 paragraphs 1 through 32 hereinabove.

13     34. Defendant denies that he is using or will use the Godzilla Marks in the
14 film in question and that any interest Toho has in the Godzilla character or Godzilla
15 Marks will be infringed by the film, which has yet to be made. Defendant denies the
16 remaining allegations set forth in Paragraph 34 of the Complaint.

17     35. Defendant denies the allegations set forth in paragraph 35 of the
18 Complaint.

19     36. Defendant denies that the film in question, which will not contain a
20 Godzilla character or any Godzilla Marks, will not infringe, and has yet to be made,
21 has caused or will cause Toho irreparable harm or that Toho is entitled to any relief,
22 in particular, an injunction that prohibits Defendant from making a film project that
23 does not include a Godzilla character and Godzilla Marks. Defendant further denies
24 that this case is in any way exceptional. Defendant is otherwise without knowledge
25 or information sufficient to form a belief as to the truth of the remaining allegations
26 set forth in paragraph 36 of the Complaint and therefore denies those allegations.

27     37. Defendant denies the allegation set forth in paragraph 37 of the
28 Complaint.

PLONSKER LAW LLP
ATTORNEYS AT LAW
LOS ANGELES

2767

- 5 -

DEFENDANT NACHO VIGALONDO ANSWER TO COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Violation of Section 43(a) of Lanham Act)

38. Defendant responds to the allegations realleged and incorporated by reference in paragraph 38 of the Complaint in the same manner as set forth in paragraphs 1 through 37 hereinabove.

39. Defendant denies that it is using the Godzilla character or Marks in the film in question and that the film, which has yet to be made, will infringe any of Toho's rights. Defendant denies the remaining allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant denies that the film in question, which will not contain a Godzilla character or any Godzilla Marks and has yet to be made, has caused or will cause Toho irreparable harm or that Toho is entitled to an injunction that prohibits Defendant from making the film in question that does not include a Godzilla character and Godzilla Marks. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41 of the Complaint and therefore denies those allegations.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### (Dilution)

43. Defendant responds to the allegations realleged and incorporated by reference in paragraph 43 of the Complaint in the same manner as set forth in paragraphs 1 through 42 hereinabove.

44. Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. Defendant admits that it was aware of Toho's Godzilla character but

otherwise denies the remaining allegations set forth in paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint.

## FIFTH CLAIM FOR RELIEF

(Common Law Unfair Competition)

49. Defendant responds to the allegations realleged and incorporated by reference in paragraph 49 of the Complaint in the same manner as set forth in paragraphs 1 through 48 hereinabove.

50. Defendant denies that he is using or will use the Godzilla character or Marks in the film in question and that the film, which has yet to be made, will infringe any of Toho's rights. Defendant denies the remaining allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in paragraph 51 of the Complaint.

52. Defendant denies that the film in question, which will not contain a Godzilla character or any Godzilla Marks and has yet to be made, has caused or will cause Toho irreparable harm or that Toho is entitled to an injunction that prohibits Defendant from making the film in question that does not include a Godzilla character and Godzilla Marks. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 52 of the Complaint and therefore denies those allegations.

## SIXTH CLAIM FOR RELIEF

(Unjust Enrichment)

53. Defendant responds to the allegations realleged and incorporated by reference in paragraph 53 of the Complaint in the same manner as set forth in paragraphs 1 through 52 hereinabove.

54. Defendant denies the allegations set forth in paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in paragraph 55 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(First Amendment)

To the extent Toho's Complaint is based upon and seeks to enjoin defendants from making the film in question, which has yet to be made and will not contain any Godzilla Marks or character, it violates Defendant's First Amendment right to free speech and constitutes an unlawful prior restraint.

### Second Affirmative Defense

(Lack of Standing)

Plaintiff's alleged copyrights and trademarks, if any, in the Godzilla character and as used in other films as alleged in the Complaint are owned or otherwise controlled by third parties other than Plaintiff.

### Third Affirmative Defense

(No Valid Proof of Copyright Registration)

As Plaintiff has failed to attach its claimed registrations of its purported copyrights and trademarks as alleged in the Complaint, Plaintiff's action is barred and this Court lacks subject matter jurisdiction.

### Fourth Affirmative Defense

(Fair Use)

To the extent that Defendant allegedly "used" Plaintiff's purported copyrights or trademarks in its advertising as alleged in the Complaint, Defendant's use constituted "fair use" under 17 U.S.C. § 107.

### Fifth Affirmative Defense

(Innocent Infringement)

To the extent Defendant infringed any of Plaintiff's copyrights or trademarks, which it denies, such infringement was innocent and not willful.

### Sixth Affirmative Defense

(No Jury for Equitable Issues)

Plaintiff is not entitled to a jury trial on any equitable issues.

### Seventh Affirmative Defense

(*De Minimis* Use)

To the extent that Defendant's alleged use appropriated protectable expression from Plaintiff's copyrighted work, which Defendant denies, such use was *de minimis*.

### Eighth Affirmative Defense

(Failure to Mitigate)

Plaintiff has failed to mitigate some or all of the damages its claims to have suffered.

### Ninth Affirmative Defense

(Apportionment)

To the extent that Plaintiff seeks recovery of Defendant's purported profits, if any, no revenues earned by Defendant can be attributed to the alleged infringement of Plaintiff's purported copyright or trademark, if any, especially as no film has yet been made and any film made in the future will not contain the Godzilla character or any of the Godzilla Marks.

### Tenth Affirmative Defense

(Failure to State a Claim)

Plaintiff's claims fail to state a claim upon which relief may be granted, especially to the extent that Plaintiff's claims are based on a film that has yet to be made.

### Eleventh Affirmative Defense

(Additional Affirmative Defenses)

To the extent that further investigation and discovery would reveal additional affirmative defenses to which Defendant is entitled, it reserves the right to assert such additional affirmative defenses.

### Twelth Affirmative Defense

(Lack of Personal Jurisdiction)

Defendant alleges that the Court lacks the ability to assert personal jurisdiction on him because he does not have sufficient contacts in California and/or because he has not transacted business in California.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed and Plaintiff take nothing herein;

2. That Defendant be awarded his costs and attorneys' fees incurred in defense of the action; and

3. For such other and further relief as the Court may deem just and proper.

Dated: July 31, 2015          **PLONSKER LAW LLP**

                              By: /s/
                              _____
                              Michael J. Plonsker
                              Attorney for Defendant
                              NACHO VIGALONDO

## JURY DEMAND

Nacho Vigalondo hereby demands a jury trial.

Dated: July 31, 2015                    **PLONSKER LAW LLP**

                                        By: /s/
                                        _____
                                        Michael J. Plonsker
                                        Attorney for Defendant
                                        NACHO VIGALONDO